Amy F. Sorenson
Nevada Bar No. 12495
Erica J. Stutman
Nevada Bar No. 10794
Holly E. Cheong
Nevada Bar No. 11936
Snell & Wilmer L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: asorenson@swlaw.com
       estutman@swlaw.com
       hcheong@swlaw.com
*Attorneys for Defendant Wells Fargo Bank, N.A. and U.S. Bank National Association*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL HILL,<br><br>              Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a foreign corporation; U.S. BANK NATIONAL ASSOCIATION, a foreign corporation; MTC FINANCIAL, INC. dba TRUSTEE CORPS, a foreign corporation; and DOES I through 10, and ROE CORPORATIONS 1 through 10,<br><br>              Defendants. | CASE NO.:<br><br>**PETITION FOR REMOVAL** |

TO:     THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank National Association (U.S. Bank), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove to this Court, Case No. A-18-772299-C, currently pending in Department 2 of the Eighth Judicial District Court, Clark County, Nevada. The removal of this action is based on the following grounds.

///

///

///

## I. SUMMARY OF PLEADINGS

On April 4, 2018, Plaintiff Michael Hill ("Plaintiff") filed the Complaint initiating the current action. A copy of the Complaint is attached pursuant to 28 U.S.C. § 1446. (**Exhibit A**.) A Motion to Consolidate was filed on April 16, 2018 and subsequently denied on May 15, 2018. (**Exhibit B**.) A Declaration of Non-Monetary Status Pursuant to NRS 107.029 in Response to Complaint was filed on July 19, 2018 by Defendant MTC Financial, Inc. dba Trustee Corps ("MTC"). (**Exhibit C**.) No other pleadings have been filed.

## II. NATURE OF COMPLAINT

Plaintiff's Complaint concerns real property located at 3432 Big Stomp Court, Las Vegas, Nevada 89129 ("Property"). Plaintiff admits that he defaulted on his loan with Wells Fargo, but alleges that Wells Fargo assured him it would not seek foreclosure due to defectts discovered in the Property in 2009. Wells Fargo foreclosed on the Property in January 2017. Plaintiff asserts the following claims: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) breach of fiduciary duty, (4) violation of foreclosure mediation rules, (5) violation of NRS 107.540, (6) negligence, negligent hiring, retention, and supervision, (7) economic duress, and (8) declaratory relief. Plaintiff requests general, compensatory and special damages, legal pre-judgment interest, punitive damages, and reasonable attorney's fees. (*See* Compl.)

## III. STATEMENT OF JURISDICTION

Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . to the district court of the United States for the district and division embracing the place where such action is pending." As discussed herein, this action is removable under 28 U.S.C. §1441(a) because the district court has original jurisdiction under 28 U.S.C. § 1332 (diversity), venue is proper in the District of Nevada, and this Notice of Removal is timely filed.

### A. Complete Diversity Exists Among the Parties.

There is complete diversity between the parties because, as set forth in detail below, none of the joined Defendants are citizens of Nevada. At the time Plaintiff's Complaint was filed, Plaintiff was a citizen of the State of Nevada. (Compl. ¶ 1.) Under 28 U.S.C. § 1332(c)(1), a

1  corporation is a citizen of any state in which it has been incorporated and of any state where it has
2  its principal place of business. Defendant MTC is a citizen of California because it is, and was at
3  the time this action commenced, a California corporation, with its principal place of business in
4  California. Wells Fargo is, and was at the time this action commenced, a citizen of South Dakota,
5  the state listed on Wells Fargo's organization certificate. U.S. Bank is, and was at the time this
6  action commenced, a citizen of Minnesota, the state listed on U.S. Bank's organization certificate.
7  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is
8  a citizen of the State in which its main office, as set forth in its articles of association, is
9  located.")

**B.   The Amount in Controversy Requirement Is Satisfied.**

The jurisdictional amount required for removal based on diversity is also met because Plaintiff's Complaint establishes that the amount in controversy exceeds the sum of $75,000.00. 28 U.S.C. § 1332(a). Plaintiff seeks statutory damages of at least $50,000, compensatory damages of at least $15,000, and punitive damages of at least $15,000, which totals $80,000. (Compl. ¶¶ 24, 26, 32, 34, 40, 42, 50, 52, 59-61, 68, 70, 76, 78.) Plaintiff's alleged damages are in excess of $75,000.00. Consequently, this action satisfies the amount in controversy requirement under 28 U.S.C. § 1332.

For this reason, and because this action is between citizens of different states, this Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a), and this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

**IV.   TIMELINESS OF AND CONSENT TO REMOVAL**

**A.   Timeliness of Removal.**

A notice of removal must be filed within 30 days after receipt by the defendant of the initial pleading setting forth the claim for relief upon which the action is based. 28 U.S.C. § 1446(b). The 30-day period for removal does not begin to run until a party has received a copy of the complaint and has been properly served. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Grand Canal Shops II, LLC v. Iavarone*, 2:12-CV-0013-KJD, 2012 WL 1376974 (D. Nev. Apr. 19, 2012) (holding that "28 U.S.C. § 1446(b)'s 30-day window

begins to run once the defendant is notified of the action and brought under a court's authority by formal process.")

Plaintiff served U.S. Bank and Wells Fargo with the Summons and Complaint on June 22, 2018, thus the deadline to remove is not until July 23, 2018.  Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1).

**B.    Consent to Removal.**

As a general rule, removal requires the consent of all defendants.  All defendants must join in the removal within thirty days of service upon the first non-fraudulently joined defendant. *Soto v. Countrywide Home Loans Inc*., 3:11-CV-00693-RJC, 2011 WL 6179152 (D. Nev. Dec. 9, 2011) (citing *United Computer Sys., Inc. v. AT & T Corpo.,* 298 F.3d 756, 762-63 (9th Cir. 2002.) However, "the 'unanimity rule' requires that all properly served or joined defendants consent in the removal of the petition." *O'Connell v. JP Morgan Chase Bank, N.A*., 3:11-CV-00685-RJC, 2012 WL 1739711 (D. Nev. May 11, 2012) (citing *Destifino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011.)  Only "defendants who are properly joined and served in the action must join in the removal or consent in to it in writing…" *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 991 (D. Nev. 2005); *Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084, 1088 (E.D. Cal. 2007) (holding that "joinder in or consent to the removal petition must be accomplished by only those defendants:  (1) who have been served; and (2) whom the removing defendant(s) actually knew or should have known had been served.").

MTC gave Wells Fargo and U.S. Bank consent to remove this case to this Court.  There are no other named defendants on the Complaint.

**V.    CONCLUSION**

Because Wells Fargo and U.S. Bank timely filed a Petition for Removal which demonstrates that this Court has diversity jurisdiction, the action is properly removed to this Court. In filing this Petition for Removal, Wells Fargo and U.S. Bank do not waive, and specifically reserve, all defenses, exceptions, rights and motions to Plaintiff's Complaint.

/ / /

/ / /

1  No statement or omission shall be deemed to constitute an admission by Wells Fargo or U.S. Bank of any of the allegations or damages sought in the Complaint.

Dated this 23rd day of July, 2018.

SNELL & WILMER L.L.P.

By: */s/ Holly C. Cheong*
    Amy F. Sorenson, Esq.
    Erica J. Stutman, Esq.
    Holly E. Cheong, Esq.
    3883 Howard Hughes Parkway, Suite 1100
    Las Vegas, Nevada  89169
    *Attorneys for Wells Fargo Bank, N.A. and U.S. Bank National Association*

## **CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **PETITION FOR REMOVAL** by the method indicated:

| | |
|---|---|
| __X__ | U.S. Mail |
| _____ | U.S. Certified Mail |
| _____ | Facsimile Transmission |
| _____ | Overnight Mail |
| _____ | Federal Express |
| _____ | Hand Delivery |
| _____ | Electronic Filing |

and addressed to the following:

Jerome R. Bowen, Esq.
Daniel P. Nubel, Esq.
Bowen Law Offices
9960 W. Cheyenne Ave., Suite 250
Las Vegas, NV 89129
*Attorneys for Plaintiff Michael Hill*

Michael R. Brooks, Esq.
Kolesar & Leatham
400 S. Rampart Blvd., Suite 400
Las Vegas, NV 89145
*Attorneys for MTC Financial, Inc. dba Trustee Corps*

Dated: July 23, 2018        */s/ Maricris Williams*
                                             An Employee of Snell & Wilmer L.L.P.

**INDEX OF EXHIBITS**

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| A | Complaint | 14 |
| B | Motion to Consolidate | 14 |
| C | Declaration of Non-Monetary Status | 4 |

4826-8649-6109