UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL HILL,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 2:18-cv-01350-MMD-BNW<br><br>ORDER |

## I.　SUMMARY

This case arises out of an alleged failure to modify a home loan. Plaintiff Michael Hill sued Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank National Association ("U.S. Bank") after they foreclosed on his home—after Plaintiff repeatedly requested Defendants purchase his home from him instead of foreclosing, and explained to Defendant Wells Fargo's representatives over the phone that his house was essentially uninhabitable because it was constructed of 'toxic Chinese drywall' and included a faulty heating and cooling system. (ECF No. 48 ("FAC").) Before the Court is Defendants' motion for summary judgment on Plaintiff's sole remaining claim for violation of NRS § 107.540 (ECF No. 83 (the "Motion")), along with Plaintiff's cross-motion for summary judgment on the same claim (ECF No. 85 (the "Cross-Motion")).[1] Because, contrary to Plaintiff's allegations in the FAC and his arguments in his briefing, Defendants did assign him a single point of contact ("SPOC")—and as further explained below—the Court will grant the Motion and deny the Cross-Motion.

---

[1] The Court has also reviewed the parties' responses and replies. (ECF Nos. 86, 87, 90, 91.)

## II. BACKGROUND

The Court previously summarized Plaintiff's allegations in his FAC, along with much of this case's procedural history, in a prior order dismissing all of Plaintiff's remaining claims except for his claim that Defendants violated his rights under NRS § 107.540. (ECF No. 82; *see also* ECF No. 48 at 7-8 (containing the remaining claim).) The Court incorporates that background by reference, and does not restate it here. (ECF No. 82 at 2-4.)

As pertinent to his remaining claim, Plaintiff alleges that after "October 4, 2015, Plaintiff repeatedly requested foreclosure prevention alternatives." (ECF No. 48 at 7.) "Despite Plaintiff's request of a foreclosure prevention alternative, Wells Fargo never appointed" a SPOC. (*Id.*)

But Plaintiff's allegations are not borne out by the following undisputed facts. On August 3, 2015, Brian Kent wrote Plaintiff a letter introducing himself as Plaintiff's SPOC (ECF No. 83-3 at 4, 48-49.) The letter appears to contain Mr. Kent's direct contact information, though that direct contact information has been redacted. (*Id.* at 48-49.) Mr. Kent remained Plaintiff's SPOC until November 3, 2016, when Nina Marsh replaced him. (*Id.* at 4, 51.) The letter from Ms. Marsh also appears to contain her direct contact information, though that information is redacted. (*Id.* at 51.) In addition to, and despite the redactions, Defendants' declarant Mallory Rohwer swears under penalty of perjury the two letters contained Mr. Kent and Ms. Marsh's contact information. (*Id.* at 4, 5.)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is

2

"material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside County, Inc. v.*

3

*Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (quoting William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 499 (Feb. 1992) (citations omitted). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

**III.    DISCUSSION**

As noted above, all parties move for summary judgment on Plaintiff's one remaining claim for violation of NRS § 107.540. (ECF Nos. 83, 85.) Defendants make a number of alternative arguments in their Motion, but the Court finds one simple argument determinative as to Plaintiff's claim that Defendants violated his rights under NRS § 107.540. The Court will therefore only address that argument below. And because the Court finds Defendants are entitled to summary judgment on Plaintiff's NRS § 107.540 claim, the Court will grant Defendants' Motion and deny Plaintiff's Cross-Motion.

In his FAC, Plaintiff only alleges that Defendants violated his rights under NRS § 107.540 by failing to assign him a SPOC after October 4, 2015. (ECF No. 48 at 7.) But as Defendants argue, Plaintiff was assigned a SPOC from before October 4, 2015 through the date his property was foreclosed upon. (ECF Nos. 83 at 12, 90 at 6-7.) That argument is supported by the undisputed evidence before the Court. (ECF No. 83-3 at 4, 48-51 (demonstrating that Plaintiff was assigned first one, and then another, SPOC over the pertinent time period).) Plaintiff does not allege any other violation of NRS § 107.540. (ECF No. 48 at 7-8.) Plaintiff also does not attempt to dispute Defendants' proffered evidence that he was assigned two consecutive SPOCs over the pertinent time period. (ECF No. 87 at 11-14 (declining to address or dispute ECF No. 83-3 at 4, 48-51).)

What Plaintiff instead argues is that he contacted many people who were not his SPOC, and talked to many different people when he called Defendant Wells Fargo. (ECF No. 87 at 12-14.) But Plaintiff's argument is beside the point. Calling a bank and talking to many different people does not mean you were not assigned a SPOC. Plaintiff also does not dispute he received letters from his consecutive SPOCs, and those letters contained their contact information. (*Id.*; *see also* ECF No. 83-3 at 4, 48-51.) Thus, Plaintiff's claim

that he was not provided with a SPOC is simply not borne out by the evidence. And the Court can discern no other violation of NRS § 107.540 under these facts pertinent to Plaintiff's allegations (ECF No. 48 at 7-8), which provides that Defendant Wells Fargo (as the servicer) had to "promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." NRS § 107.540(1). Again, Defendant Wells Fargo did that here. (ECF No. 83-3 at 4, 48-51.) The Court will therefore grant Defendants' Motion.

The Court will also deny Plaintiff's Cross-Motion. Plaintiff's Cross-Motion consists primarily of the argument that Defendant Wells Fargo never assigned Plaintiff a SPOC. (ECF No. 85 at 5-7.) But, again, the uncontroverted evidence shows Defendant Wells Fargo did. (ECF No. 83-3 at 4, 48-51.) Thus, Plaintiff's pertinent argument in his Cross-Motion—entirely unsupported by any factual citations—is unpersuasive. (ECF No. 85 at 5-7.) Moreover, none of Plaintiff's argument later in his Cross-Motion, which is supported by citations to evidence, contradicts the simple fact established by Defendants' proffered evidence that that Plaintiff was assigned a SPOC. (*Compare id.* at 11-15 *with* ECF No. 83-3 at 4, 48-51.) In addition, Plaintiff's argument that Defendant Wells Fargo failed to provide him with a direct means of contacting his SPOC (ECF No. 85 at 15) is also not supported by the evidence before the Court (ECF No. 83-3 at 4 (stating the letters included contact information), 48-51 (redacting what is likely direct contact information)). Thus, the Court will also deny Plaintiff's Cross-Motion.

Because the Court is granting summary judgment to Defendants on Plaintiff's sole remaining claim, the Court will also direct judgment in Defendants' favor.

**IV.    CONCLUSION**

It is therefore ordered that Defendants' motion for summary judgment (ECF No. 83) is granted.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 85) is denied.

///

The Clerk of Court is directed to enter judgment in Defendants' favor, in accordance with this and the Court's pertinent prior orders (ECF Nos. 45, 53, 56, 82), and close this case.

DATED THIS 12st day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE